PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARL FERGUSON, | ) CASE NO. 5:09-CV-02055 |
| Plaintiff, | ) |
| | ) JUDGE LIOI |
| v. | ) |
| | ) MAGISTRATE JUDGE PEARSON |
| E. LEROY VAN HORNE, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendant. | ) **AND ORDER** |

Plaintiff Darl Ferguson ("Ferguson") filed the instant matter pursuant to 42 U.S.C. 1983 against E. Leroy Van Horne ("Defendant") alleging Defendant violated his Fourteenth Amendment rights to due process and equal protection, among other things, during a December 8, 2008 interaction between the two parties that took place in the Courthouse of the county where Defendant serves as Auditor. ECF No. 1.

**I. Procedural History**

Presently before the Court is Defendant's Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c).[1] ECF No. 32. Defendant asks the Court to limit "Plaintiff's discovery requests and inquiries at deposition" regarding "foster children, domestic

---

[1] The Honorable District Court Judge Sara Lioi referred the instant matter to the undersigned Magistrate Judge pursuant to 28 U.S. C. Section 636(b)(1)(A), Fed.R.Civ.P. 72(a) and Local Rule 72.1 to "consider and resolve" the motion. ECF No. 43.

(5:09CV02055)

violence allegations and gun ownership." ECF No. 32 at 1 & 5. Additionally, Defendant requests that the Court "prohibit Plaintiff from seeking through written discovery, or deposition, information relative to the subjects of domestic violence, foster children, and/or firearms." ECF No. 32 at 5. Plaintiff counters that he is "properly inquiring, through the discovery process, into matters and in a fashion that is reasonably calculated to lead to discoverable information." ECF No. 33 at 3. Defendant replied that Plaintiff "has failed to demonstrate any rational basis for allowing his inquiry in to matters concerning foster children, domestic violence allegations and gun ownership, relative to Defendant." ECF No. 37 at 1.

To further clarify the matter before the Court, the Court ordered the parties to file supplemental briefs regarding whether (1) Plaintiff's inquiries are permitted under Federal Rules of Evidence 404(a), 405(a), 608(a), and (2) the confidentiality of matters related to foster care according, but not limited, to O.R.C. § 5153.17. ECF No. 38. Concomitantly, the undersigned scheduled this matter for status conference on March 2, 2010.[2]

The parties submitted supplemental filings and, in advance of the status conference, alerted the Court that the matter instigating Defendant's request for a protective order had been the subject of questioning put to a witness, the Deputy Auditor of Carroll County. ECF Nos. 39, 40 & 42. During the telephonic conference, counsel for the parties amplified their arguments and answered questions of the Court.

Given that the parties fully have briefed the matter and had the benefit of arguing their

---

[2] The status conference was rescheduled for March 3, 2010, for reasons unrelated to this case.

(5:09CV02055)

positions, the Motion for a Protective Order is now ripe for consideration. For the reasons provided below, the Court denies Defendant's Motion for a Protective Order but, *sua sponte*, limits the use and disclosure of the information at issue.

## II. Analysis

### A. Law

"The scope of discovery is, of course, within the broad discretion of the trial court. An order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice." *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir.1998) (internal quotation marks and citation omitted). Therefore, the decision to issue a protective order is left to "the broad discretion of the district court in managing the case." *Lewelling v. Farmers Ins. of Columbus, Inc.,* 879 F.2d 212, 218 (6th Cir. 1989). Nevertheless, although the district court has discretion in managing discovery, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis,* 135 F.3d at 402. As the Supreme Court has instructed, because "discovery itself is designed to help define and clarify the issue," the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978). The operative test in determining whether discovery on a particular matter is permissible is "whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 501 (6th Cir. 1970).

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

-3-

(5:09CV02055)

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed.R.Civ.P. 26(b)(1). "'The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.'" *Lewis*, 135 F.3d at 402 (*quoting Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970)). Rule 26 of the Federal Rules of Civil Procedure permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). The burden of establishing good cause for a protective order rests with the movant. *See General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C. 1987) (citations omitted).

### B. Protective Order

Defendant seeks to prevent Plaintiff from seeking discovery concerning three specific matters – foster children, domestic violence allegations and gun ownership – which Defendant claims are not relevant or "even remotely" related to the issues in the case; not inadmissible and, if admissible, would be barred as more prejudicial than probative; and intended solely to embarrass and harass Defendant.[3]

---

[3] Defendant summarizes that Plaintiff's factual allegations are limited to Defendant requesting building security to remove Plaintiff from the Auditor's office in the Carroll County Courthouse and the conversation between Plaintiff and Defendant just prior to that removal. ECF No. 32 at 2.

Case: 5:09-cv-02055-SL  Doc #: 44  Filed: 03/09/10  5 of 8.  PageID #: 209

(5:09CV02055)

**1.**

Initially, Defendant argued that "information regarding foster care is confidential pursuant to Ohio law, and may not be revealed by Defendant." ECF No. 32 at 5 (Defendant's motion *citing* O.R.C. § 5153.17 and *State ex rel. Renfro v. Cuyahoga County Dept. of Human Servs.*, 54 Ohio St.3d 25, 29 (Ohio 1990)). In response, Plaintiff submitted that O.R.C. § 5153.17 precludes the public children services agency, not Defendant, from disclosing confidential information. ECF No. 39 at 2. Defendant, although invited to do so, did not reply to this point and the undersigned concludes that he has abandoned reliance upon it.

**2.**

Relevant evidence is "anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc.*, 437 U.S. at 351 n.12 (citations omitted); *see also* Fed. R. Evid. 401 (relevant evidence is that which tends to make the existence of any fact of consequence more or less probable). Discovery is not limited to that which is immediately discoverable nor to issues raised in the pleadings. *Oppenheimer Fund, Inc.*, 437 U.S. at 351; *Lewis*, 135 F.3d at 402.

The use of evidence of character, character traits and propensity is strictly governed by the Federal Rules of Evidence. *See* Fed. R. Evid. 404, 405 & 608. Despite the limitations on the use of such character evidence, "[t]he credibility of witnesses is at issue in every case." *Duggan v. Village of New Albany*, 2009 WL 650461 at *3 (S.D. Ohio 2009). While it may be arguable whether Plaintiff's claims for the intentional infliction of emotional distress and defamation as well as the anticipated defenses implicate the character of Defendant, it is beyond dispute that the credibility of a witness may be attacked by any party. *See* Fed. R. Evid. 607 & 608. Rule 608

-5-

(5:09CV02055)

permits, in the discretion of the trial court judge, inquiry on cross-examination of a witness about that witness' character for truthfulness or untruthfulness or the character for truthfulness or untruthfulness of another witness the witness being cross-examined has testified about; that questioning may include inquiring about specific acts.[4]  See *Duggan*, 2009 WL 650461 at *3 ("For example, a party might be entitled to discover evidence of prior workplace discipline if, as part of the disciplinary incident, a witness acted in a dishonest manner or made an untruthful statement.") (citations omitted).

Plaintiff's counsel has assured the undersigned that he has a good faith basis for making the inquiries objected to in these areas wherein "Defendant was expected to make truthful statements to official bodies." ECF No. 33 at 4.  Without gathering the information sought, Plaintiff cannot be expected to know whether Defendant conducted himself in a dishonest manner or made untruthful statements.

Discovery is intentionally broad and prudently occurs before trial in order to avoid stopping a trial to permit discovery *after* it has become absolutely clear that a party is entitled to present evidence of the type sought here.  Decisions regarding the ultimate admissibility of the information sought will be made at the appropriate time.

---

[4] Additionally, during trial, it is entirely possible that Defendant's character could be placed at issue.  For instance, should Defendant choose to testify and answer affirmatively a question about any commendations received, that answer would be character evidence offered to portray Defendant in a favorable light by demonstrating certain character traits. *See United States v. Brown*, 503 F. Supp.2d 239, 242 (D.D.C. 2007) (finding that information about commendations received "is even more character oriented than details regarding defendant's family composition").

(5:09CV02055)

### III. Ruling

Defendant has failed to meet the burden of establishing good cause for a protective order. It is axiomatic that information may be simultaneously embarrassing, relevant and probative. Defendant is hereby ordered to produce information responsive to Plaintiff's inquiries regarding foster children, allegations of domestic violence and gun ownership, in accordance with the following instructions. Defense counsel should not continue to instruct witnesses not to answer questions regarding foster children, allegations of domestic violence and gun ownership during depositions.

#### 1. Foster Children

To the extent Plaintiff seeks information "regarding foster children" from a non-party to the litigation that is legally obligated to observe a privilege or otherwise protect such information, that privilege or protection shall not be disturbed by this ruling. To the extent, however, Plaintiff seeks information "regarding foster children" from Defendant or others not legally obligated to observe a privilege or some other protection, Defendant and others must produce the information. More simply put, this Order does not authorize the breach of a legal privilege or protection nor does it authorize Defendant or any one else to withhold responsive information absent such a privilege.

#### 2. Limitations on Use and Disclosure

Because it is possible that all or part of the information discovered regarding foster children, alleged domestic violence or gun ownership will not, ultimately, be admitted and could cause embarrassment, the undersigned limits the use of such information solely to purposes

(5:09CV02055)

related to this litigation and limits its disclosure to the parties in the litigation.

A party may serve and file objections to this order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.


 March 9, 2010                                                                    s/ *Benita Y. Pearson*
Date                                                                             United States Magistrate Judge